MERANZE AND KATZ, P.C.
BY:    Bernard N. Katz, Esquire (Id. # 09723)
       Claiborne S. Newlin, Esquire (Id. # 84371)
225 S. 15th Street, 12th Floor
Philadelphia, PA 19102
Tel.: (215) 546-4183
Fax: (215) 790-1382

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IUE-CWA, LOCAL 628<br>429 West Third Street<br>Williamsport, PA 17701 | : CIVIL ACTION<br>:<br>: |
| Plaintiff, | : |
| v. | : No. _____ |
| FLOWSERVE CORPORATION<br>701 First Street<br>Williamsport, PA 17701 | : |
| Defendant | : |

## MOTION FOR TEMPORARY RESTRAINING ORDER
## AND PRELIMINARY INJUNCTION

Plaintiff, IUE-CWA, Local 628 (Local 628) by its attorneys, Meranze and Katz, P.C., moves this Court, under Rule 65 of the Federal Rules of Civil Procedure, to issue a Temporary Restraining Order and thereafter a Preliminary Injunction pending arbitration, restraining and enjoining defendant, Flowserve Corporation, and all other persons acting in concert or participation with defendant, and ordering that defendant:

    a.      Immediately cease removing raw materials, work, equipment and machinery from its Williamsport facility;

    b.      Restore all raw materials, work, equipment and machinery that were removed from its Williamsport facility after July 9, 2002;

    c.      Suspend all plans to layoff employees and/or transfer work, equipment and machinery in connection with closure of the Williamsport facility;

1

d.     Announce publicly to its employees and the Williamsport community that Flowserve will take no steps to liquidate the Williamsport facility until the Arbitrator shall render his award; and

e.     Agree that Flowserve take no further actions to undermine or subvert the arbitration process.

In support of this motion, plaintiff states as follows:

**Parties:**

1.     Plaintiff, IUE-CWA, Local 628, (Local 628), is a labor organization within the meaning of Section 2(5) of the National Labor Relations Act, 29 U.S.C. §152(5), and Section 301(a) of the Labor-Management Relations Act (LMRA), 29 U.S.C. §185(a), with its offices at 429 West Third Street, Williamsport, PA 17701.

2.     Defendant Flowserve Corporation (Flowserve) is branch of Flowserve Corporation of Irving Texas and is registered to do business or otherwise performs substantial business in the Commonwealth of Pennsylvania. Defendant Flowserve is an employer within with the meaning of Section 2(2) of the National Labor Relations Act, 29 U.S.C. §152(2) and Section 301(a) of the Labor-Management Relations Act. 29 U.S.C. §185(a) and maintains a principal place of business located at 701 First Street, Williamsport, PA 17701.

**Jurisdiction and Venue:**

3.     Plaintiff and defendant are parties to a Collective Bargaining Agreement (CBA) effective from June 3, 2000 through May 31, 2003. A copy of this Agreement is attached to plaintiff's Complaint.

4.     This Court has jurisdiction under § 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a), which provides that United States District Courts have jurisdiction over suits for a violation of a contract between an employer and a labor organization.

5.    Under § 301(c) of the Labor Management Relations Act, 29 U.S.C. § 185(c), venue is appropriate in the Middle District of Pennsylvania where Flowserve has a principal place of business.

**Cause of Action:**

6.    Under the CBA, Flowserve must bargain with Local 628 over the wages, hours and terms and conditions of employment for all production and maintenance employees employed by Flowserve at its Williamsport facility.

7.    Under the CBA, Flowserve must arbitrate any dispute over the effect, meaning, application, compliance with or claim of breach of the Agreement.

8.    On July 9, 2002, Flowserve notified its employees that it would close its Williamsport operation and transfer all manufacturing to Raleigh NC by mid 2003.

9.    Flowserve's transfer would result in the total destruction of the Local 628 bargaining unit and the termination of all Local 628 members.

10.    On September 24, 2002, Local 628 filed a grievance contending that Flowserve's determination to transfer all bargaining unit work out of the Williamsport facility was a violation of the CBA.

11.    On October 10, 2002, Flowserve agreed to participate in the American Arbitration Association procedure for naming an arbitrator to consider the grievance.

12.    Despite its agreement to arbitrate the relocation dispute, on November 15, 2002, Flowserve notified Local 628 that it would commence laying off bargaining unit members in December 2002.

13.    According to the schedule provided, Flowserve will terminate all bargaining unit members by May 2003, prior to the expiration of the CBA.

14.    Flowserve has also indicated that it has begun, and will continue, to move raw materials, work, equipment and machinery out of Williamsport to Raleigh, North Carolina.

Tener having an opportunity to render an award. As a result the arbitrator would be left with no adequate remedy for Flowserve's violation of the parties' agreement.

21.     As to each item of relief requested, greater injury will be inflicted upon Local 628 and its members by the absence of relief that will be imposed upon the Defendant by the granting of relief.

22.     The grant of an injunction will further the public interest in the peaceful resolution of labor disputes.

WHEREFORE, Local 628 respectfully requests that its motion be granted and that the Temporary Restraining Order and Preliminary Injunction requested be granted.

Respectfully submitted,

MERANZE AND KATZ, P.C.

BY:     BERNARD N. KATZ
        CLAIBORNE S. NEWLIN

December 5, 2002